IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTHONY T. DACANAY, # N42390, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 15-cv-00174-MJR |
| | ) |
| DOUGLAS B. BOEHLER, | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

Plaintiff Anthony T. Dacanay is in the custody of the Illinois Department of Corrections, housed at Southwestern Illinois Correctional Center. He has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that the defendant correctional officer endangered his safety by labeling him a snitch and otherwise harassed him, all in retaliation for Plaintiff reporting him to Internal Affairs.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

The Prison Litigation Reform Act of 1996 ("PLRA") contains a comprehensive administrative exhaustion requirement. Under that statute, "[n]o action shall be brought with respect to prison conditions ... by a prisoner confined any jail, prison or correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *see also Massey v. Wheeler,* 221 F.3d 1030, 1034 (7th Cir. 2000); *Booth v. Churner,* 531 U.S. 956 (2001). Under Section 1997e(a), a prisoner's suit must be dismissed if it is determined that

administrative remedies have not been exhausted. *See Perez v. Wisconsin Dept. of Corrections,* 182 F.3d 532 (7th Cir. 1999). Exhaustion is a precondition to filing suit, so that an attempt to exhaust available administrative remedies in the midst of litigation is insufficient. See *Ford v. Johnson,* 362 F.3d 395, 398 (7th Cir. 2004); *Perez,* 182 F.3d at 536–537.

Although failure to exhaust administrative remedies is usually an affirmative defense, when, as here, it is clear from the face of the complaint that Plaintiff has not exhausted his available remedies. According to the complaint, Plaintiff's appeal to the Administrative Review Board (the final step in the administrative process) was submitted February 2, 2015, and was pending on February 3, 2015, when the complaint was signed (*see* Doc. 1, pp. 4, 13). Consequently, Plaintiff has not met the preconditions for filing suit and this action must be dismissed.

**IT IS HEREBY ORDERED**, for the reasons stated, Plaintiff Dacanay's complaint (Doc. 1) is **DISMISSED without prejudice** for failure to exhaust administrative remedies, as required under 42 U.S.C. § 1997e(a). Plaintiff's motions for counsel and service of process at government expense (Docs. 2, 4) are **DENIED AS MOOT**.

Plaintiff is **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

The Clerk of Court shall **CLOSE THIS CASE** and enter judgment accordingly.

**IT IS SO ORDERED.**

DATED: March 16, 2015

                s/ *Michael J. Reagan*
                MICHAEL J. REAGAN
                CHIEF DISTRICT JUDGE